UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY SKOFIC,

        Plaintiff,                      Case No. 21-12268

v.                                        Stephanie Dawkins Davis
                                            United States District Judge

STATE OF MICHIGAN, *et al.*,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Bradley Skofic filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 as a pre-trial detainee in the Genesee County Jail, alleging he was assaulted by deputies at the jail. (ECF No. 1). Plaintiff submitted neither the filing fee for the case nor an application to proceed *in forma pauperis*. On October 29, 2021, Executive Magistrate Judge David R. Grand signed an order directing Plaintiff to correct this deficiency within thirty days. (ECF No. 2). Plaintiff did not respond to the order, and mail sent to Plaintiff at the Genesee County Jail has been returned as undeliverable. (ECF No. 3). To date, Plaintiff has not paid the filing fee nor supplied the requested documentation.

The Prison Litigation Reform Act (PLRA) requires a prisoner who wishes to proceed without prepayment of fees and costs for a civil complaint in federal court to file an affidavit of indigency and a certified copy of his prison trust fund account

statement for the six-month period immediately preceding the filing of the complaint. *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (citing 28 U.S.C. § 1915(a)). If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency, and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. at 75-76 (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). "'If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id*. at 76 (citing *McGore*, 114 F. 3d at 605).

By not providing the requested documentation needed to proceed *in forma pauperis* or alternatively, submitting the filing and administrative fees, Plaintiff has failed to comply with Magistrate Judge Grand's deficiency order. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information

necessary to proceed without prepayment of fees.

    **SO ORDERED**.

s/Stephanie Dawkins Davis<br>
Stephanie Dawkins Davis<br>
United States District Judge

Dated: April 7, 2022